UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 14-16428 |
|---|---|
| **SUAREZ, III Dennis & Michelle Ann,** | CHAPTER 13 PLAN <br> ___Original _X_ First Amended |
| Debtors | Dated: October 23, 2014 |

**1. Introduction:**
A. Debtor is eligible for a discharge under 11 USC § 1328(f) (check one):
_X_ Yes
___ No
B. Means Test Result. Debtor is (check one):
___ a below median income debtor
___ an above median income debtor with positive monthly disposable income
_X_ an above median income debtor with negative monthly disposable income

**II. Plan Payments:**
No later than 30 days after the filing of the plan or the order for relief, whichever date is earlier, the debtor will commence making payments to the Trustee as follows:
   A. AMOUNT: $ 600.00
   B. FREQUENCY (check one):
___ Monthly
_X_ Twice per month
___ Every two weeks
___ Weekly
   C. TAX REFUNDS: Debtor (check one): ___ COMMITS; _X_ DOES NOT COMMIT; all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment stated above. If no selection is made, tax refunds are committed.
   D. PAYMENTS: Plan payments shall be deducted from the debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
   E. OTHER: .

**III. Plan Duration:**
The intended length of the plan is 60 months, and may be extended up to 60 months after the first payment is due if necessary for completion. The plan's length shall not be less than the debtor's applicable commitment period as defined under 11 U.S.C. §§ 1322(d) and 1325(b)(4).

**IV. Distribution of Plan Payments:**
Upon confirmation, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, PROVIDED THAT disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:
   A. ADMINISTRATIVE EXPENSES:
      1. Trustee. The percentage set pursuant to 28 USC §586(e).
      2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
      3. Attorney's Fees: Pre-confirmation attorney fees and costs shall not exceed $4,500.00.
      $1,070.00 was paid prior to filing. To the extent pre-confirmation fees and costs exceed $3,500, an appropriate application, including a complete breakdown of time and costs, shall be filed with the Court within 21 days of confirmation.
      Approved pre-confirmation fees shall be paid as follows (check one):
         a. _X_ Prior to all creditors;
         b. ____ Monthly payments of $_____;
         c. ____ All remaining funds available after designated monthly payments to the following creditors: _____.
         d. ____ Other:_____.

[Local Bankruptcy Form 13-4, eff. 12/1/11]        1

If no selection is made, fees will be paid after monthly payments specified in Sections IV.B and IV.C.

B. CURRENT DOMESTIC SUPPORT OBLIGATION: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

| **Creditor** | **Monthly amount** |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

C. SECURED CLAIMS: Payments will be made to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than creditors holding long term obligations secured only by a security interest in real property that is the debtor's principal residence, will be paid the principal amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest on that amount from the petition filing date.

Interest rate and monthly payment in the plan control unless a creditor timely files an objection to confirmation. If a creditor timely files a proof of claim for an interest rate lower than that proposed in the plan, the claim shall be paid at the lower rate. Value of collateral stated in the proof of claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law.

**Only creditors holding allowed secured claims specified below will receive payment from the Trustee.** If the interest rate is left blank, the applicable interest rate shall be 12%. If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

1. Continuing Payments on Claims Secured Only by Security Interest in Debtor's Principal Residence (Interest included in payments at contract rate, if applicable):

| **Rank** | **Creditor** | **Nature of Debt** | **Property** | **Monthly Payment** |
|---|---|---|---|---|
| ____ | _____ | _____ | _____ | $_____ |
| ____ | _____ | _____ | _____ | $_____ |
| ____ | _____ | _____ | _____ | $_____ |

2. Continuing Payments on Claims Secured by Other Real Property (Per annum interest as set forth below):

| **Rank** | **Creditor** | **Nature of Debt** | **Property** | **Monthly Payment** | **Interest Rate** |
|---|---|---|---|---|---|
| ____ | _____ | _____ | _____ | _____ | ___% |
| ____ | _____ | _____ | _____ | _____ | ___% |

3. Cure Payments on Mortgage/Deed of Trust/Property Tax Arrearage (If there is a property tax arrearage, also provide for postpetition property tax holding account at Section XII):

| **Rank** | **Periodic Payment** | **Creditor** | **Property** | **Arrears to be Cured** | **Interest Rate** |
|---|---|---|---|---|---|
| ____ | $_____ | _____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |

[Local Bankruptcy Form 13-4, eff. 12/1/11]    2

4. Payments on Claims Secured by Personal Property:
   a. **910 Collateral**.

The Trustee shall pay the contract balance as stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) **within 910 days** preceding the filing date of the petition or in other personal property acquired within **one year** preceding the filing date of the petition as follows. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Description of Collateral Payment | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|---|---|---|---|---|---|
| ____ | $_____ | _____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |

   b. **Non-910 Collateral**.

The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise ordered following timely objection to the claim, for a purchase-money security interest in personal property which is non-910 collateral. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Debtor(s) Value of Collateral | Description of Adeq. Collateral | Pre-Confirmation Protection Payment | Interest Rate |
|---|---|---|---|---|---|---|
| 1 | $All Avail. | IRS | $10,450.00 | Personal Property | $0.00 | 3.0% |
| ____ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | $_____ | _____ | $_____ | ___% |

   D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

   E. NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

   1. Specially Classified Nonpriority Unsecured Claims. The Trustee shall pay the following claims prior to other nonpriority unsecured claims as follows:

| Rank | Creditor | Amount of Claim | Percentage To be Paid | Reason for Special Classification |
|---|---|---|---|---|
| ____ | _____ | $_____ | _____% | _____ |
| _____ | _____ | $_____ | _____% | _____ |

   2. Other Nonpriority Unsecured Claims (check one):
      a. ____ 100% paid to allowed nonpriority unsecured claims. **OR**
      b. __X__ Debtor shall pay at least $0.00 to allowed nonpriority unsecured claims over the term of the plan. Debtor estimates that such creditors will receive approximately 0% of their allowed claims.

**V. Secured Property Surrendered**:
The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this section are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale.

| **Creditor** | **Property to be Surrendered** |
|---|---|

**VI. Executory Contracts and Leases**:
The debtor will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid

[Local Bankruptcy Form 13-4, eff. 12/1/11]                3

directly by the debtor under Section VII, unless otherwise specified in Section XII with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the debtor shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Section IV.E.2.

**Contract/Lease**                                                                   **Assumed or Rejected**

**VII. Payments to be made by Debtor and not by the Trustee:**
The following claims shall be paid directly by the debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)
    A. DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the debtor as follows:

| **Creditor** | **Current Monthly Support Obligation** | **Monthly Arrearage Payment** |
|---|---|---|
| Susan Nienefeld | $300.00 | $ n/a |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

    B. OTHER DIRECT PAYMENTS:

| **Creditor** | **Nature of Debt** | **Amount of Claim** | **Monthly Payment** |
|---|---|---|---|
| Chase | Residence | $298,811.00 | $1,101.13 |

**VIII. Revestment of Property**
Unless otherwise provided in Section XII, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the debtor, except that earnings and income necessary to complete the terms of the plan shall remain vested in the Trustee until discharge. The debtor shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed plan.

**IX. Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**
The liquidation value of the estate is $0.00. In order to obtain a discharge, the debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of 0% per annum from the petition filing date (no interest shall be paid if left blank).

**X. Other Plan Provisions:**
    A. No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due.
    B. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.
    C. The holder of a secured claim shall file and serve on the Trustee, debtor and debtor's counsel a notice itemizing all fees, expenses, or charges (1) hat were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses or charges are incurred, per Fed. R. Bankr. P. 3002.1(c)*
    D. Mortgage creditors shall file and serve on the Trustee, debtor and debtor's counsel a notice of any change in the regular payment amount, including any change that results from an interest rate or escrow adjustment, no later than 21 days before a payment in the new amount is due, per Fed. R. Bankr. P. 3002.1(b).
    E. Provision by secured creditors or their agents or attorneys of any of the notices, statements or other information provided in this section shall not be a violation of the 11 USC § 362 automatic stay or of privacy laws.
*See Paragraph XII below.

**XI. Certification**:
    A. The debtor certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges

[Local Bankruptcy Form 13-4, eff. 12/1/11]     4

that timely payment of such post-petition Domestic Support Obligations is a condition of plan confirmation pursuant to 11 USC § 1325(a)(8).

B. By signing this plan, the debtor and counsel representing the debtor certify that this plan does not alter the provisions of Local Bankruptcy Form 13-4, except as provided in Section XII below. Any revisions to the form plan not set forth in Section XII shall not be effective.

XII. **Additional Case-Specific Provisions**:
   (a) Any refund to Debtor upon dismissal or discharge shall be disbursed through Debtor's counsel.
   (b) Debtor's personal liability on all secured claims is discharged upon completion of the plan.

| /s/ Travis A. Gagnier | /s/ Dennis Suarez, III | | |
|---|---|---|---|
| Travis A. Gagnier #26379 | DEBTOR | Last 4 digits SS# | Date |
| Attorney for Debtor(s) | | | |
| | | | |
| October 23, 2014 | /s/ Michelle Ann Suarez | | |
| Date | DEBTOR | Last 4 digits SS# | Date |

## PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that I filed the original of the foregoing with the United States Bankruptcy Court at Seattle and served a true copy thereof to:

| Judge Timothy W. Dore | K. Michael Fitzgerald | U.S. Trustee |
|---|---|---|
| U.S. Bankruptcy Court | Chapter 13 Trustee | |

via ECF, and to:

   Debtors      All creditors on the mailing matrix and who requested special notice
                (current mailing matrix attached)

via U.S. first-class mail, postage pre-paid, on the 29th day of October 2014.

   /s/ Jennifer Roberts
   Jennifer Roberts
   Assistant to Travis A. Gagnier

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0981-2<br>Case 14-16428-TWD<br>Western District of Washington<br>Seattle<br>Wed Oct 29 10:34:10 PDT 2014 | Army & Air Force Exchange Services<br>c/o Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd, Suite #200<br>Tucson, AZ 85712-1083 | Arstrat<br>9800 Centre Parkwa #1100<br>Houston TX 77036-8263 |
| Audit And Adjustment<br>19401 40th Avenue West Ste 312<br>Lynnwood WA 98036-5600 | BISHOP, WHITE & MARSHALL & Wei<br>720 OLIVE WAY SUITE 1201<br>SEATTLE WA 98101-1801 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| CAPITAL MANAGEMENT<br>698 1/2 S Ogden ST<br>Buffalo NY 14206-2317 | CBCS<br>PO BOX 2589<br>Columbus OH 43216-2589 | CHILD SUPPORT ENFORCEMENT<br>BANKRUPTCY & COLLECTIONS<br>PO BOX 11520<br>TACOMA WA 98411-5520 |
| Chase<br>Po Box 15298<br>Wilmington DE 19850-5298 | Chase<br>Po Box 24696<br>Columbus OH 43224-0696 | Citi<br>Po Box 6241<br>Sioux Falls SD 57117-6241 |
| Department Stores National Bank/Macys<br>Bankruptcy Processing<br>Po Box 8053<br>Mason, OH 45040-8053 | FIA CARD SERVICES<br>PO BOX 22021<br>Greensboro NC 27420-2021 | K Michael Fitzgerald<br>600 University St #2200<br>Seattle, WA 98101-4152 |
| Travis A. Gagnier<br>Travis A Gagnier Attorney at Law<br>33507 9th Ave S Bldg F<br>PO Box 3949<br>Federal Way, WA 98063-3949 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERTAT<br>PO BOX 7346<br>Philadelphia PA 19101-7346 | JPMorgan Chase Bank, National Association<br>c/o McCarthy & Holthus, LLP<br>108 1st Avenue South<br>Ste. 300<br>Seattle, WA 98104-2104 |
| JPMorgan Chase Bank, National Association<br>Attn: Correspondence Mail<br>c/o JP Morgan Chase Bank, NA<br>700 Kansas Lane<br>Mail Code LA4-5555<br>Monroe, LA 71203-4774 | KING COUNTY TREASURY<br>500 FOURTH AVE ROOM 600<br>SEATTLE WA 98104-2387 | Krista L White & Associates<br>1417 4th Ave<br>Ste 300<br>Seattle WA 98101-2242 |
| Mcydsnb<br>9111 Duke Blvd<br>Mason OH 45040-8999 | Angela M. Michael<br>McCarthy & Holthus LLP<br>108 1st Avenue South, Ste. 300<br>Seattle, WA 98104-2104 | (p)CREDITORS BANKRUPTCY SERVICE<br>PO BOX 800849<br>DALLAS TX 75380-0849 |
| Navient Solutions Inc<br>on behalf of NELA<br>Attn: Bankruptcy Litigation Unit E3149<br>P.O. Box 9430<br>Wilkes-Barre, PA 18773-9430 | Navy Fcu<br>One Security Place<br>Merrifield VA 22119-0001 | Navy Federal Credit Union<br>PO Box 3000<br>Merrifield, VA 22119-3000 |
| Nco Fin/55<br>605 W Edison Rd Suite K<br>Mishawaka IN 46545-8823 | Patenaude & Felix, A.P.C.<br>4727 44th Avenue, Ste 103<br>Seattle WA 98116-4467 | Prof Credit<br>2892 Crescent Ave<br>Eugene OR 97408-7397 |

| | | |
|---|---|---|
| ST FRANCIS HOSPITAL<br>DEPT #2000<br>PO BOX 34936<br>SEATTLE WA 98124 | Sallie Mae<br>11100 Usa Pkwy<br>Fishers IN 46037-9203 | Dennis Suarez III<br>46710 244th Ave SE<br>Enumclaw, WA 98022-7467 |
| Michelle Ann Suarez<br>46710 244th Ave SE<br>Enumclaw, WA 98022-7467 | Susan Lynn Nuenefeld<br>1225 244th Ave NE<br>Sammamish WA 98074-7334 | Suttell & Hammer<br>PO Box C-90006<br>Bellevue WA 98009 |
| Syncb/Chevron<br>Po Box 965015<br>Orlando FL 32896-5015 | United States Trustee<br>700 Stewart St Ste 5103<br>Seattle, WA 98101-4438 | Usaa Savings Bank<br>Po Box 47504<br>San Antonio TX 78265-7504 |
| Usaa Sb<br>10750 Mc Dermott Fwy<br>San Antonio TX 78288-1600 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bk Of Amer<br>Po Box 982235<br>El Paso TX 79998 | Mil Star<br>3911 S Walton Walker Blvd<br>Dallas TX 75265-0410 | End of Label Matrix<br>Mailable recipients    39<br>Bypassed recipients     0<br>Total                  39 |